Judge Nicholas
delivered the Opinion of the Court.
To an action of covenant by Hanna and Co., for the use of Cresson and others, as partial assignees, against Pleasants and Bridges, on their covenant to pay a certain sum in such money as was received in the Farmer’s Bank of Harrodsburgh, they plead, in various forms, by way of set-off, certain promissory notes, which they field by assignment, on Iíanna and Co. To a replication to one of these pleas, they demurred; and their demurrer having been sustained, judgment was rendered in their favor ; from which Hanna and Co. prosecute this writ of error.
It is unnecessary to state the replication, as we deem the plea itself insufficient. The amount of damages to which the plaintiffs were entitled, being dependant upon the proof of the value of such money as was received at the Harrodsburg bank, the amount of their demand was unliquidated, arid unascertainable by mere computation. Though the right to use the plea of set-off is undeniable in the actions of assumpsit and covenant, as well as debt, yet it is not allowed in assumpsit or covenant where the damages are unliquidated. Tidd’s Practice, 603. Roebuck vs. Tennis, 5 Monroe, 83. The rule is believed to be without exception, that the right of set-off is mutual; aud we hold it to be quite plain, that, according to the well established rules on this subject, Planna and Co. could not have set off their demand against that of Pleasants and Bridges, if the latter *270 had been the plaintiffs; consequently, Pleasants anti Bridges can have no such right of set-off as against them.
Judgment reversed, with costs, and cause remanded for further proceedings consistent herewith.

in response to the petition for rehearing.

The word demand in the statute concerning set-offs, may havedieen used in addition to the word debt, for the purpose of silericing a doubt, whether, under the English statute, set-off could have been plead in the actions of assumpsit and covenant. But be that as it may, we cannot conceive, that the legislature could have intended to use the word demand in its broadest sense. ■ Such a construction would be productive of great inconvenience. It would allow questions of set off to be litigated in actions for slander,' assault and battery and such like ; which never could have been intended. We see no intermediate ground upon which we could safely land, if we were to depart from the construction intimated as the true one., in Roebuck vs. Tennis: that is, that the statute meant monied demand in its strict legal sense; which renders it of about the same,signification as the term debt, and excludes the' idea of allowing a set-off in actions for torts, and upon contracts for the payment of properly and dioses in action.