Edwards *et al. v.* Todd.

----

ALFRED EDWARDS and BENJAMIN F. BOSWORTH, appellants
*v.* AUGUSTUS TODD, appellee.

*Appeal from Cook.*

Under § 17 of the practice act, unliquidated damages arising *ex contractu*, may be set off in an action of assumpsit. The rule was different under the act of 1819.

Where the plaintiff brought an action of assumpsit to recover the amount of freight agreed to be paid by the defendants for the transportation of their goods from Buffalo to Chicago, and the defendants pleaded the general issue, and gave notice of their intention to give in evidence under that plea, that a portion of the goods agreed to be transported, exceeding in value the whole amount of the freight claimed, was, through the negligence, carelessness, and improper conduct of the plaintiff, lost and destroyed on the voyage; and on the trial offered to introduce such evidence, first, by way of set-off, and secondly, by way of reducing the damages claimed : *Held* that the evidence was admissible as well as a set-off, as in reduction of damages.

The words "claim or demand" in the section of the statute allowing set-offs, is to be confined to such as arise from "contracts or agreements, express or implied."

THIS cause was tried at the August term, 1837, of the Cook Circuit Court, before the Hon. Jesse B. Thomas. Judgment was rendered for the plaintiff in the Court below for $354,66 and costs, from which the defendants appealed to this Court.

T. FORD, for the appellants.

(1) SMITH and LOCKWOOD, Justices, not having been present at the argument of this cause at the last June term, gave no opinion.

JAMES GRANT, for the appellee, relied on the following authorities:

15 Vesey; 2 Cowen; 1 Chit. Plead. 601; Babington on Set-Off, 11 at top, 24, 25, 26 at margin; 1 Taunton 137; 6 Term R. 488; Freeman *v.* Hyatt, 1 Blackstone R. 391; Doweland *v.* Thompson *et al.*, 2 Blackstone R. 901, exactly in point; Breese 107, Gregg *v.* James and Phillips; Hanna & Co. *v.* Pleasants and Bridges, 2 Dana 269; 5 Monroe 1.

SMITH, Justice, delivered the opinion of the Court:

This was an action of *assumpsit* to recover the amount of freight agreed to be paid for the transportation and delivery of a certain quantity of merchandise, from Buffalo, in New York, to the port of Chicago, in the State of Illinois.

The declaration contains the usual counts. The defendants pleaded the general issue, and gave notice of their intention to give in evidence, under that plea, that a portion of the goods agreed to be transported, exceeding in value the whole amount of the freight claimed, was, through the negligence, carelessness, and improper conduct of the plaintiff, lost and destroyed on the voyage. On the trial, the defendants offered to introduce such evidence, first, by way of set-off, and secondly, by way of reducing the amount sought to be recovered in the action.

The Circuit Court rejected the evidence as inadmissible, deciding that the plaintiff was entitled to recover freight as charged, on such portions of merchandise as had been safely transported and delivered to the defendants, and had been received by them; and that it was not competent, in this action, for the defendants to set-off the value of the merchandise lost, under their notice; nor could it be introduced for the purpose of reducing the amount of freight contracted to be paid, and due for such portions of the goods as had been delivered to the defendants, and received by them. This instruction of the Circuit Court, being excepted to on the trial, is now assigned among other causes for error.

The question thus presented for consideration, will necessarily involve a decision on, and a just and reasonable interpretation of, our statute allowing set-offs. By the 17th section of the practice act, approved 29th January, 1827,(1) it is provided that "The defendant, or defendants in any action brought on a contract or agreement, either express or implied, having claims or demands against the plaintiff or plaintiffs in such action, may plead the same or give notice thereof, under the general issue, as is provided in the 12th section of the act; or under the plea of payment—and the same or such part thereof, as the defendant or defendants shall prove on trial, shall be set-off and allowed

(1) R. L. 491; Gale's Stat. 532.

against the plaintiff's demand." The 12th section, referred to in this provision, declares that "the defendant may plead the general issue, and give notice of the special matter intended to be relied on as a defence on the trial; under which notice the defendant shall be permitted to give evidence of the facts therein stated, as if the same had been specially pleaded and issue taken thereon."

In the investigation to be made on this point, it is important to enquire, whether the "claim or demand" of the defendants, being of an unliquidated character, forming a distinct breach of a portion of the plaintiff's contract to transport and deliver the merchandise, and which would form a substantive cause of action in itself against him, could, under the section of the act quoted, be the subject of a set-off. The liability of the plaintiff, to account for the merchandise received by him, and agreed to be transported by his bill of lading, and alleged to be lost, must depend on the fact whether the loss was occasioned by the dangers of the navigation, which were excepted in the bill of lading, or by the negligence and unskilful conduct of the plaintiff, in the management and navigation of the vessel of which he was the master. The proof of negligence and unskilful conduct devolved on the defendants to establish; and if proved, would render the master, who is plaintiff in the action, liable to answer for the loss occasioned by his own misconduct and ignorance; and, though it is conceded, would necessarily involve a complication of facts and questions to be decided, yet, for many good reasons of policy and justice, should be enquired into, and allowed to be set-off against the plaintiff's demand, to the amount of the actual value of the merchandise proved to have been thus lost or destroyed. It cannot be denied, that in an action against the master as a common carrier, he would be liable to refund to the extent of the injury sustained, under such a state of facts; and if by a reasonable interpretation of the act allowing set-offs, and without a perversion of its obvious import, this can be done, no good reason can be shown why the defendants should be driven to seek redress in a separate action against the master of the vessel.

The language of our act in the section quoted, is, that the defendant in any action brought on any contract or agreement, either express or implied, having claims or demands against the plaintiff in the action, such claims or demands "shall, on proof, be set-off and allowed against the plaintiff's demand." This section then defines by its terms all actions arising *ex contractu;* and would seem necessarily to have given an interpretation to the nature of the claim or demand, which it is declared shall be set off against the plaintiff's claim, for the recovery of which he has brought his action. Set-offs are to be mutual, it is agreed; and in the present case the defendants ask no more than the

Edwards *et al. v.* Todd.

right of charging the plaintiff with the value of the goods which he has not delivered conformably to the terms of his contract; and which, they allege, have, by his own acts of unskilfulness and negligence, been lost.

The gist of the right to make the set-off, arises from the failure to perform that portion of the plaintiff's contract which embraced the stipulation to deliver the lost goods, as well as those not lost; and the plaintiff does not seek to recover freight for any other portion than those that were delivered and accepted by the defendants.

The performance by the master of the vessel, of his part of the contract on which the action itself is founded, and whether or not he shall be excused for the non-performance of a portion of it, by reason of the loss occasioned by the dangers of navigation, without any act of his, arising from ignorance of his profession or negligence on his part, is then the matter in controversy. The investigation, then, is confined to an ascertainment of the performance of the contract between the parties, according to its import and legal effect; and no objection is perceived to a course which involves the enquiry, whether the contract has been so performed as to entitle the plaintiff to recover the whole, or a part of the compensation agreed to be allowed for the service stipulated to be performed; or whether by his own acts of negligence and ignorance, he has, in the attempts to do such service, occasioned a loss to the defendants for which he is accountable; and which should be deducted from the compensation for such portion of the contract as has been well performed.

The section allowing set-offs, is peculiar in its phraseology, and differs most materially from the English statute concerning set-offs, as, also, from that of Kentucky, and from that of several of the other States of the Union; and is altogether different from that which was enacted in this State in 1819, and which existed until the present act repealed it.

The decision referred to by the plaintiff's counsel, in Dana's Reports,(1) was decided under the act of Kentucky, which declares, that where any suit for a debt or demand is depending, it shall be lawful for the defendant, on the trial, if the plaintiff be indebted to him, to plead the same in discount or by way of set-off; and it is decided in that case, "That this statute meant monied demand in its strictest legal sense, and rendered it of about the same signification as debt."

The act 2 George II. declares, "That where there are mutual debts between the plaintiff and defendant, one debt may be set-off against the other."

This act was amended by the act 8 George II., it having been doubted whether mutual debts of a different nature could be

(1) 2 Dana 269.

set-off against each other; and it was declared, that notwithstanding such debts were deemed in law to be of a different nature, still they were allowed to be set-off, unless in cases where a debt accrued by reason of a penalty declared in a bond, in which case a special provision is made, that the same shall be pleaded in bar, so that no more shall be allowed than is justly due.

The 10th section of the act of the 22d March, 1819,(1) provided that, "If two or more dealing together, be indebted to each other on bonds, bills, bargains, promises, accounts, or the like, and one of them commence an action in any court, if the defendant cannot gainsay the deed, bargain, or assumption, on which he is sued, it shall be lawful for such defendant to plead payment of all or a part of the debt or sum demanded; and give such bond, bill, receipt, account, or bargain, in evidence."

From an examination of this statute, as comprehensive as it may be, it appears, by the terms "*claim or demand*," used in the present act, to have been the intention of the legislature to place the right of set-off on a still broader foundation; and to have embraced a class of claims and demands which could not have been set-off under the act of 1819, of this State. Under the British act, that of Kentucky, and the act of our General Assembly of 1819, not a doubt could exist, that the set-off was required to be mutual, and could not be of an unliquidated character. By the common law, before the statute of set-off, where there were mutual cross demands unconnected with each other, a defendant could not in a court of law defeat the action, by establishing that the plaintiff was indebted to him, even in a larger sum than that sought to be recovered; and relief could only be obtained in a court of equity. Yet, at common law, and before the enactment of the statute of set-off, a defendant was entitled to retain, or claim by way of deduction, all just allowances or demands accruing to him, or payments made by him in respect to the same transaction or account which forms the ground of action. This cannot be strictly considered a set-off, but is in the nature of a deduction.

Under this rule, the defendants might be supposed to have had the right of showing that the goods not delivered, were lost by the causes alleged, and as their value was readily ascertainable and susceptible of accurate proof, by showing their cost at the place of purchase, they were entitled to have their value deducted from the plaintiff's claim for compensation.

The claim would not partake of that uncertain character which marks cases of unliquidated damages, which are sought to be recovered in actions arising from causes purely *ex delicto;* and which, it is equally certain, were not intended to be embraced

(1) R. L. of 1819, 142, 149.

within the terms "claim or demand," and which are to be confined to such as arise from " contracts or agreements, express or implied," as specified in the section allowing set-offs; and beyond which, being the boundary, we are not to pass.

As the plaintiff would be liable for the loss of the merchandise, in an ordinary action of assumpsit; and as it is manifest that our law allowing set-offs, not only embraces cases not comprehended in the British and American statutes referred to, and has been greatly extended beyond those embraced in the act of 1819, it would be incorrect to apply the decisions made under those laws to the present act, as evidence that the interpretation of the act should be the same. Some doubts have heretofore existed as to the true construction of this act, but when we reflect on the intention of its framers, and the objects it was intended to accomplish, those doubts must be dissipated.

From a careful and attentive examination and consideration of the question submitted in this case, we are of opinion that the Circuit Court ought to have admitted the evidence proposed to be offered; and that it was admissible under the pleadings, as well in the nature of a set-off, as, also, for the purpose of reducing the amount sought to be recovered by the plaintiff.

The judgment of the Circuit Court is reversed, and the cause is remanded, with directions to that Court to award a *venire facias de novo.*

*Judgment reversed.*

*Note.* Decisions in relation to set-off: Irvin *et al. v.* Wright, *Ante* 135; Morton *v.* Bailey *et al., Ante* 213; Ransom *v.* Jones, *Ante* 291.