Chirk Justice S mpson
delivered the opinion of the Ccrrt.
In August, lb38, the sheriff of Woodfoid county having in his hands an execution in favor of McCauley against Warren Offutt, it was replevied for three months by the defendant, who gave Hillery Offutt and Elizabeth Offutt, as sureties in the replevin bond.
In the month of December, in the same year, an execution issued upon the replevin bond, for the sum of 'three thousand four"hundred and thirty seven dollars, eighty seven cents, with interest thereon, at the rate of six per centum per amim, from the 20th day of August» I838j and the cost, which was on the 4th day of February next following, returned by the sheriff, “stayed by order of the plaiutiff, and consent of the secureties. See order and consent herewith returned.”
The order of the plaintiff, and the consent of the sureties, referred to by the sheriff in his return read as follows:
“The sheriff of Woodford county, will stay an execution in his hands in my favor, against Warren Uffutt and others, upon the written legal consent of the parties to the execution being produced to him.”
Lexington, February, 1st, 1839.
j. m. McCauley.
“We hereby consent that an execution on replevin Eftid, now in the hands of the sheriff of Woodford /county, upon a judgment of said Court, against Warren Offutt, in favor of John McCauley, may be stayedy for any period of time, the said McCawley, may direct. Witness our hands and seals, this 2nd day of February 1839 ”
I-IILLERY OFFUTT.
ELIZABETH OFFUTT.
*387 No execution was subsequently issued upon the re-plevin bond, until the 7th day of January, 1851, on which last mentioned day, one was issued, against Warren Offutt.and Hillerv Uffutt, survivors of Eliza, beth Oflutt deceased, and, having been placed in the hands of the sheriff, was by him levied upon, the property of Ilillery Oflutt, the surviving surety in the re-plevin bond.
Thereupon Hillerv Oflutt; notified the plaintiff in the execution, that he would on the second day of the next term of the Woodford Circuit Court, move said Court, for an order, directing the clerk of the Court, to make an endorsement upon the execution, then issued, and upon every subsequent execution that might issue upon the replevin bond, to the effect, that the plaintiff in the motion was released, as one of the sureties in said bond, because of the failure of the payer to sue out execution thereon for more than twelve months after one was due him.
The motion having been made in pursuance of the notice, the Court decided that the surety in the replev-in bond was released by the failure of McCauley, to sue out an execution for so long a period, after the return of the first one, and ordered the clerk to make an endorsement to that effect upon the execution, which had issued, and upon every execution that might be afterwards issued upon said replevin bond.
The statute, (see 1 Stat. Law 745,) makes the failure of a plaintiff' in a replevin bond, for the space of twelve months, after execution is due him, to issue an execution thereon, with a view, bona fide to the collection of his debts, operate as an absolute discharge of the surety in the bond.
Did the sureties in this case when they executed the writing herein set forth, intend to waive this legal right,, if by subsequent events they should become entitled to-jt, or can the writing according to its true import, be construed as an assent upon their part, to an indefinite postponement of the collection of the debt, to be regulated by the mere will of the creditor 1
A consent by a surely in a re* plevjn bond, “that an execution then in the hands of the sheriff on replev-in bond may be stayed for any period of time the plaintiff may direct—does not have the effect of continuing the liability of the surety, after the lapse of 12 months from the return of the execution in the bands of the sheri if— t h e plainiiff having £xed no time for ihe stay, but only directed the sheriff to return the execution then in Ms hands upon the sureties giving consent.
It is evident from the terms of the writings, that the plaintiff in the execution, had a right to issue another execution immediately upon the return of the one in the hands of the sheriff’. He had not agreed to suspend the collection of his debt for any certain or definite period of time. He only directed a stay of the execution then in the hands of the sheriff, provided such a stay was assented to by the defendants in the execution. They gave their assent as required, and the legal effect of the arrangement was to suspend all further proceedings upon that execution, and to authorize the sheriff to return on it, that it had been stayed by the order of the plaintiff’. But so far as the plaintiff’ was concerned, he was under no obligations, and had entered into no agreement to suspend the collection of his debt, tor a single day, after the return day of the execution in the hands of the sheriff.
. But it is contended, that by the terms of the writing executed by the sureties, they consented that the plaintiff' in the bond might suspend the collection of his debt, at his pleasure, to any indefinite period of time, and having entered into such an agreement, they are es-topped by it, from relying upon the statutory release.
, By a fair- and liberal construction of the writing executed by the sureties, it imports, not merely an assent on their part, to a stay of the execution then in the hands of the sheriff’ but to a further suspension of the collection of the debt, for any period of time the plaintiff might direct. The language used, clearly indicates that some other period of time was contemplated, than that embraced by the execution referred to, which had then only about ten days to exist. But, although they gave their assent to further indulgence by the plaintiff, after the return day of the execution, it was done only in the form of a proposition, which being conditional, was similar to the proposition made, in the first instance by the plaintiff himself to stay the execution, and was not obligatory until acceded to by the opposite party. The proposition was* that the sureties would consent *389 to a stay of execution, or in other words to a suspension of the collection of the debt for any period of time the plaintiff might direct. The plaintiff did not respond to the proposition, he did not direct a stay of execution for any specified period of time. Consequently there was no agreement made by the parties, for any other suspension of the collection of the replev-in bond, than that which was produced by the stay of the execution then in the hands of the sheriff. It would be unjust and unreasonable, to give an effect to a proposition made by the sureties, which had not been answered or acceded to, by which they would be held liable for the debt, leaving it discretionary with the creditor, to give indulgence on the debt, or to enforce its collection, at his own option. Such an arrangement would be destitute of all reciprocity. The obligation would all be upon one side, without auy corresponding obligation upon the other. The creditor did not bind himself to postpone the collection of his debt for any period of time. The sureties were willing that he should do it; but the parties came to no understanding upon the subject. As the creditor retained his right to enforce the collection of the debt, so the sureties retained their right to avail themselves of the statutory release if he failed to do it, for a period of time exceeding twelve months.
As the statute, gives to sureties in replevin bonds an absolute discharge from all liability upon such bonds, where the creditor has failed for a year to sue out execution, with a view t'o a collection of the debt, any assent upon their part, that the creditor may suspend the collection of his debt, should not be construed to deprive them of the right to avail themselves of this statutory advantage, when it does not appear, either expressly or by implication, that they agreed to waive it, or assented to a suspension of the collection of the debt, for a period of time, from the expiration of which twelve months had not elapsed, before the creditor had by execution, proceeded to enforce the collection of his debt.
Held farthei tba as no exe u ».n issued i-ora 1838 to 1851, that ihe surety was ie-le-iml ir mi liability more ih-m 7 years having1 elapsed.
M. Brown and Kin/cead, for plaintiff; Smith and Porter, for defendant.
Iti our opinion therefore, the failure of the creditor to sue out an execution on the replevin bond, from the year 1839, until the year 1851, had the effect to release the sureties, both under the statute, prescribing twelve months, and the statute, which makes seven years operate ’as a discharge. By any construction, even the most favorable to the creditor, that can be given to th.e writing executed by the sureties, it does not import an assent that indulgence may be extended by the creditor, beyond a reasonable time. If the terms used in the writing, were calculated to lull the vigilance of the creditor, they did not justify, the unreasonable negli-genqe, which was manifested in the collection of the debt. , .
There was no error in overruling the motion for an injunction against the prosecution of the motion by the sureties, upon the bill exhibited by the creditor. The bill did not contain any equity, nor set forth any other facts than those which appeared upon the trial of the motion. And for the same reason the application for a continuance founded upon the matters stated in the bill, was properly disallowed.
Wherefore the order is affirmed.