## Geoghegan, &c., vs. Ditto, &c.

APPEAL FROM HARDIN CIRCUIT COURT.

1. A debtor who surrenders in writing a tract of land to be sold by the sheriff under a void execution against him, is not estopped to controvert the title of the purchaser. The sale and sheriff's deed thereunder are void, and such surrender imparts no validity to them. (1 *Met.,* 169.)

2. In such case, the purchaser having paid the amount of the execution, and thereby satisfied the debt which the defendant in the execution owed to the plaintiff therein, the defendant is bound in equity to reimburse him. And if the purchaser be in possession of the land, he is entitled to a lien upon it for the amount.

3. Where, in such case, the purchaser at the sheriff's sale is sued for trespass by the defendant in the execution who is insolvent, he may set up in his answer to the action the purchase money paid by him, as an equitable set-off against any judgment for damages on account of the trespass which may be obtained against him therein, not, however, with the effect of suspending the trial of a legal issue. The court should order the equitable issue to be transferred to the equity docket, leaving the claim for damages to be tried by a jury in the ordinary action, and suspending any judgment which may be obtained therefor until the determination of the equitable issue. For improvements upon the land made by the purchaser, after the action was brought, the purchaser is not entitled to relief.

JOHN L. HELM, for appellants, cited 4 *J. J. Mar.*, 291, 588; 1 *B. Mon.*, 240; 2 *Ib.*, 256; 7 *Mon.*, 615; 5 *Dana*, 576; 7 *Ib.*, 393.

HAYS on same side.

CHAS. G. WINTERSMITH, for appellees, cited 1 *Met.*, 169; *Civil Code*, secs. 1⌃6, 565; *chap* 10, *Rev. Stat.; Ib., page* 127; 3 *Litt.*, 426; 1 *Parsons on Contracts*, 394–5; 1 *Sanders*, 264, *note* 1; *Smith on Contracts*, 112, 3*d Amer. ed.; Civil Code, secs.* 12, 128, 162, 165; *Rev. Stat.*, 340, *chap.* 37, *secs.* 35, 36, 37.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

This case was formerly before this court, and the opinion then delivered, as reported in 1 *Met. Ky. Rep.*, 169, is referred to for a full statement of the facts upon which the controversy arose.

On the return of the case to the circuit court, the appellants offered to file amended answers, setting up various distinct grounds of defense, the substance of which may be thus stated:

1. They insist that the writing by which Ditto gave up to the sheriff the land in contest, to be sold under the execution which had issued on the void forthcoming bond, conferred upon the sheriff an authority to sell the land, and that the sale made by the latter under this authority passed to the appellants the title to the land, and gave them a right of entry upon it.

2. They say that the execution in favor of Winterbower against Ditto and others, being in the hands of the sheriff, and Ditto being indebted in the amount mentioned in the execution, authorized the sheriff to receive from the appellants the sum

of $395 03, and to apply the same to the discharge of said debt, which application of the money of the appellants Ditto recognized, and by his acts sanctioned; whereby he became indebted to the appellants in the sum so paid by them with interest, and they rely upon the same as a counter claim.

3. They allege that they entered upon the land in good faith under their purchase, and under the deed executed to them by the sheriff, and that after such entry they made valuable and lasting improvements upon the land, an account of which, amounting to $262, they exhibit, and for which they ask judgment against the plaintiff.

4. Reiterating all the foregoing facts, they say the estate of Ditto is insolvent, and if they shall be compelled to surrender the land in contest, an irreparable injury will result to them. They therefore move that the case be transferred to the equity docket, and ask that the sale made by the sheriff under the surrender of Ditto be confirmed, and that the heirs at law of the latter be compelled to convey the title. They insist that, in any event, they have a lien on the land for the sum paid by them to and for the use of Ditto, as before stated, and for the value of the improvements so made by them.

The court below refused to permit the filing of these amended answers, and the appellants excepted.

There was a trial upon the general defense of "not guilty," and a verdict and judgment against the appellants for $125 in damages, and from that judgment they have appealed.

The action of the court below in rejecting the amended pleadings offered by the appellants, presents the first and most important subject of inquiry. And whether the court properly refused to allow the filing of those pleadings, must of course depend upon the sufficiency of the several matters of defense which they set up.

*First*, then, as to the effect of the written surrender by Ditto of the land in contest to be sold under the execution against him and others then in the hands of the sheriff.

It will appear, from the facts stated in the former opinion, before referred to, that this question was before the court upon the record as it then stood. And the question was then consid-

ered, and in effect decided, although not discussed in the opinion. The point had not been relied upon or alluded to by the counsel in argument.

We have no doubt of the correctness of the opinion then entertained, that the execution of this writing did not operate to impart any validity or legal force to the execution, or to the sale made under it.

By the Revised Statutes, a defendant in an execution, owning several tracts of land in the same county, may, *by writing*, direct the officer to make the debt out of such of the tracts as he may designate. Or he may, on the day of sale, *by writing*, direct the property levied on to be sold in any succession he may desire; and he may produce other property, or the title to land in the county not levied, and *by writing* direct the same to be sold, &c. (*Art.* 13, *sec.* 8, *p.* 325; *art.* 14, *sec.* 4, *p.* 326.)

The execution of the writing by which Ditto surrendered the land in contest, to be sold under the execution, must be regarded as the mere exercise of this right conferred by the statute. To give to it the effect contended for, of sanctioning and ratifying an illegal and void sale, and of estopping the defendant in the execution from afterwards impeaching the validity of the execution and sale, by showing that both were void, would be a manifest and gross perversion of the statute.

In the case of *Perry vs. Hensley*, (14 *B. Mon.*, 474,) it was decided that where a bond had been voluntarily given for the forthcoming of property not subject to the execution which had been levied upon it, such bond was not obligatory upon the obligors, upon the ground that the necessity for its execution had been produced by an illegal act, and therefore it might with propriety be said that its execution had been induced by legal coercion, and could not, for that reason, be regarded as an implied admission that the property was liable for the debt.

Upon the same principle may it not, with still more obvious propriety, be said that the execution of the writing in this case was procured by legal coercion? Or does it afford any stronger ground for implying a ratification by the defendant of the illegal and void act of the sheriff than did the voluntary execution of the forthcoming bond in the case cited?

It has been well settled that a debtor who is in possession of land, and surrenders it to the sheriff for sale under a valid execution against him, will be estopped to controvert the title of the purchaser by showing that he had but an equitable title to the land so given up. The principle upon which the estoppel in such cases rests is, that the defendant must be presumed to be benefited by a sale, made at his own request, of a designated part of his estate for the satisfaction of his debt; he should, therefore, be bound by it as his own voluntary act, and will not be permitted to deny that the purchaser acquired any title. The sheriff in such case stands in the situation of the attorney of the defendant appointed by law to sell and convey, and his deed stands on the same footing with the deed of the party himself. (*Major vs. Deer*, 4 *J. J. Mar.*, 588, *and authorities there cited.*)

But where, as in the present case, the sheriff has no legal authority to seize or to sell any part of the estate of the defendant—where he is attempting to enforce an absolutely void process, and the defendant, under the coercion to which he is thus subjected, designates a particular parcel of land upon which the levy is to be made—is it not seen at once that this principle of estoppel, and the reason and policy on which it is founded, can have no sort of application?

We adhere to the opinion, therefore, that the appellants acquired no title to the land in contest under the purchase at the sale made by the sheriff.

2. But the appellants, in some of the amended answers which they offered to file, presented at least a valid equitable defense. They paid the amount of the execution, and thereby satisfied Ditto's debt to Winterbower, and Ditto became bound in equity to reimburse them. It is alleged that the estate of Ditto is insolvent, and this necessarily implies that *he* was insolvent in his lifetime. The appellants' demand did not constitute a valid counter claim under the Civil Code; nor did it constitute a valid legal set-off, because at law liquidated demands only can be set-off. (*Hanna, &c., vs. Pleasants, &c.*, 2 *Dana*, 269.) But under the former practice the appellants would undoubtedly have been entitled, upon the facts set forth

in the pleadings, to an injunction, and to a set-off of their demand against the judgment obtained by the appellees in their action. And, according to the provisions of the Code, the same matters may be relied on by way of equitable defense, not, however, with the effect of suspending the trial of the legal issue formed by the legal defense to the action. The appellants were, therefore, clearly entitled in equity to set-off their demand of $395 03, being the amount of the purchase money paid by them to the use of Ditto, against any judgment which Ditto's representatives may have recovered on account of the trespass complained of. Indeed, according to the authorities, if it were shown that the appellants were in possession of the land for the purchase of which this money was paid, they would be entitled to a lien upon it for the whole amount. (*Shepherd vs. McIntire, &c.*, 5 *Dana*, 576; *Samuel vs. Sayre, Ib.*, 227.) The court should, therefore, have allowed the appellants to file the amended pleadings, (except so far as they set up a claim for improvements upon, or title to, the land in contest,) and should have transferred the issues relating to the matters of equitable set-off which they present to the equity docket, leaving the claim of the appellees to damages for the alleged trespass to be ascertained by a jury in the ordinary action. And as the amount of such damages has been thus ascertained, it will be proper, upon the return of the cause, to suspend the judgment therefor until the determination of the equitable issues alluded to, when final relief may be granted to the parties, as they may respectively show themselves entitled upon the principles indicated. .

The appellants are entitled to no relief upon their claim for improvements, all of which appear to have been made after the institution of this action, which placed them in the attitude of trespassers. The improvements could not, therefore, have been made in *good faith.*

Other points were relied upon in the argument which it is not deemed necessary to notice specially, as the record discloses no other available error to the prejudice of the appellants.

The judgment is therefore reversed, and the cause remanded for further proceedings not inconsistent with the principles of this opinion.