CASE 30—PETITION EQUITY—JUNE 16.

## Furber vs. Bassett.

APPEAL FROM BRACKEN CIRCUIT COURT.

A surety in a replevin bond wrote to the plaintiff, giving his assent to a stay of execution until the 1st of the following April, and longer if the principal should ask it. The principal continued, from time to time, to ask and receive indulgence from 1st of April, 1860, to May, 1864, when execution issued and was enjoined by the surety. *Held*—That his letter was substantially a power of attorney to the principal, and authorized the plaintiff to extend indulgence, and that the surety was not released.

A. DUVALL, for appellant, cited 2 *Rev. Stat.*, p. 400; 18 *B. Mon.*, 305.

HARLAN & HARLAN for appellee.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

Amos Bassett, being the surety of E. Bassett in a replevin bond, on the 8th of December, 1859, wrote to appellant, the plaintiff in said bond, that he had his consent to stay the execution on the bond until the 1st of April thereafter, *"and longer if he asked it."*

On the 2d of April, 1860, E. Bassett addressed appellant a letter, urging him to withhold the issuing of the execution *until he could pay him,* without fixing any definite period when he could do so, assigning as a reason for his inability that he had invested about $1,600 in a pork speculation, which had proved disastrous; would be delayed in getting that money on account of a change in the courts, and promised to pay ten per cent. on the money for indulgence.

In January, 1861, another letter was addressed by E. Bassett to appellant, asking further indulgence; and in February, 1864, another letter was written to appellant by E. Bassett, perhaps more pressing than any previous letter, for still further indulgence. From 1860 to May, 1864, no execution was issued on said replevin bond; and after one was issued at the last named period, A. Bassett enjoined the plaintiff from proceeding against his estate therewith on the ground that he, as the surety in the bond, was discharged from any liability to pay the debt, because the plaintiff had failed to issue an execution on said bond for a period of more than one year after the issue of one in 1860.

On final hearing, the court below perpetually enjoined appellant from proceeding to collect the debt from A. Bassett, adjudging that he was discharged from all liability to pay the same, and appellant now seeks to reverse that judgment.

Although A. Bassett, in his letter of the 8th of December, 1859, limited the indulgence at first to the 1st of April following, he, in the next sentence, removed that restriction, and substantially authorized appellant to extend to E. Bassett any indulgence that *he* might ask; thus, in effect, constituting E. Bassett his agent to continue his responsibility as his surety as long as he might feel that he needed indulgence, and saw proper to ask it.

That letter, fortified by the fact that the obligors in the replevin bond were brothers, and that A. Bassett must be presumed to have known the pecuniary condition of E. Bassett, authorized appellant to look to the surety for indemnity, notwithstanding more than one year had elapsed without an

execution having issued on the bond, especially as A. Bassett never notified him of his unwillingness longer to remain bound for the debt. It was his duty to have informed appellant of the fact when he determined to withdraw the authority he had given his brother to procure indulgence on the debt. On the faith of the continuation of his liability, and as he failed to communicate such information to appellant, he was not entitled to the relief he asked. Wherefore, the judgment is *reversed*, and the cause remanded, with directions to dissolve the injunction and dismiss the petition.