*Ken Chapeze, for appellant.*

*D. H. Hughes, for appellee.*

---

### JANE G. BELL ET AL. *v.* CROSS ET AL.

**Execution—Sale—Presumption as to Knowledge of Purchaser.**

Where plaintiffs in a suit were the purchasers at execution sale, they will be presumed to know of the release of a surety on a replevin bond executed by defendant.

**Estoppel—Sale Under Void Execution.**

The doctrine of estoppel does not apply where one's property is sold under a void execution and purchased by the party who is himself in the wrong and who must have known when he purchased that the party was no longer bound.

APPEAL FROM HICKMAN CIRCUIT COURT.

February 24, 1874.

OPINION BY JUDGE PRYOR:

The execution sale passed no title whatever to the purchasers. They are the plaintiffs, and were presumed to know that the appellees' intestate had been released from all liability as surety on the replevin bond. It was the duty of the clerk to have endorsed this discharge on the execution, when issued, as more than one year had elapsed from the issuing of any other execution. The act approved March 15, 1862, requires that the sureties on such bonds should, by an endorsement in writing, consent to the return of the execution before the sheriff or the principal debtor could avail themselves of its provisions. It is not pretended that the surety in the present bond ever consented to any other delay than that permitted by the act of May 24, 1861. This act authorized a return of such executions by the consent of the sureties endorsed thereon, in writing, not to be re-issued until the 1st of March, 1862. After the 1st of March, 1862, there was nothing to prevent the plaintiff from issuing their execution and making their debt. The surety had not consented verbally or otherwise that his principal should have any longer indulgence, and no execution having been issued for more than a year from the 1st of March, 1862, Butler was released from all responsibility. McCauley v. Offutt, 12 B. Mon. 386.

All the proceedings under the last execution were null and void. There is no question but what a debtor may surrender property to the sheriff in satisfaction of a valid execution against him, and his title would pass under it, whether legal or equitable; but when the execution is void, and the levy and sale illegal, no title can pass, especially to the party purchasing, when he himself causes the sheriff to make the illegal sale by having the execution issued. The doctrine of estoppel can not apply when one's property is sold under a void execution, and purchased by the party who is himself in the wrong, and who must have known when he purchased, that the surety was no longer bound. Geohegan et al. v. Ditto et al., 2 Met. 433.

The relation of principal and surety did not exist between appellants and Butler, when Cross, the principal debtor, let the former have the boiler to indemnify him, both supposing that Butler was

then responsible for the debt. If he had been liable as surety, his heirs would be required to account for the indemnity before their land could be restored. That Butler's estate must account to Cross for the boiler, is evident, and this responsibility originates, not for the reason that Butler received it as surety, but for the reason that he was not the surety and had incurred no liability for Cross. He was then the mere debtor to Cross for the value of the boiler, and if the answer of appellant had been made a cross-petition against Cross prior to the filing of the petition of Hicks, it would have been regarded as a lis pendens, and defeated the claiming of Hicks. Hicks, however, has obtained his attachment, and by garnishment has secured the indebtedness from Butler's administrator to Cross, when Cross is not even made a party to appellants' cross-pleading. Butler had paid nothing for Cross, and was indebted to the latter for the boiler as if he had purchased it. The fact that it was intended to pay the debt would not give the appellants any priority over other creditors, unless this priority had been obtained by some legal process.

We perceive no error in the judgment below. It is, therefore, affirmed.

*Bradley, for appellants.*

*E. Crossland, for appellees.*