## Jones *against* Long.

The law fixes no precise instant when entries shall be made in order to their competency as original entries ; nor is it requisite that they should be made from personal knowledge.

ERROR to the common pleas of *Alleghany* county.

This suit was originally brought by the defendant in error, Alexander Long against Thomas Jones, the plaintiff in error, before an alderman, to recover the price for which he had contracted to dig coal for Jones, by whom an appeal was taken from the judgment of the alderman.   On the trial in the common pleas, Long, the plaintiff below, offered in evidence a book, purporting to be his book of original entries, and stated, on his *voir dire,* that the wagoner who was hired by Jones to haul the coal from the pit at which he was working, made a return to him every day after the coal was delivered on the platform at the pit, and that he made the entries himself in the book as the returns were thus given in.   The book was objected to as evidence, on the ground that it was not sufficient to establish the claim, and that the person stated to have made the returns was not produced as a witness to prove them.   The court below overruled the objection, and admitted the book in evidence ; to which the counsel of the defendant below excepted.

The first error assigned was to the admission of the evidence, because the person who made the returns to the plaintiff was not authorized by the defendant below to ascertain the quantity of coal delivered.

The second was to the court below allowing the plaintiff to be sworn on his *voir dire.*

*Watts* and *Kingston,* for plaintiff in error.

Here the entries in the book were made from the statements of an individual who hauled the coal.   A book made up by transcribing entries made by a journeyman on a slate, is not evidence, as was decided in Kessler *v.* M'Conachy, 1 *Rawle* 441; *Peake's Ev.* 19, *in note ;* Poultney et al. *v.* Ross, 1 *Dall.* 238 ; Rogers et al. *v.* Old, 5 *Serg. & Rawle* 404.

*Fetterman,* for defendant in error, contended, that this case was ruled by that of Ingraham *v.* Bockius, 9 *Serg. & Rawle* 285.   The evidence offered by the plaintiff below was the best of which the nature of the case was susceptible ; and the book was kept according to the uniform custom at coal pits.   Curren *v.* Crawford, 4 *Serg. & Rawle* 5.

[Jones v. Long.]

The opinion of the Court was delivered by

SERGEANT, J.—Evidence of the sale and delivery of goods, or of work done, founded on the plaintiff's book of original entries, with his suppletory oath, though not admissible by the common law of England, originated here from the peculiar situation of an infant colony, and has continued to the present time with less inconvenience and fewer attempts at fraud than would at first have been supposed by those accustomed to the strictness of the common law rules of · evidence. The questions that have arisen as to the nature of the proof required, and the extent to which it may be received, have been decided on the principle of giving to this evidence all fair and reasonable latitude. It has accordingly been held that the entry need not be made exactly at the time of the occurrence; it suffices if it be within a reasonable time, so that it may appear to have taken place while the memory of the fact was recent, or the source from which a knowledge of it was derived, unimpaired. The law fixes no precise instant when the entry should be made. If done at or about the time of the transaction, it is sufficient. Curren *v.* Crawford, 4 *Serg. & Rawle* 5; Ingraham *v.* Bockius, 9 *Serg. & Rawle* 287. Nor is it requisite that the entry should be from personal knowledge : if it were, it would much abridge this sort of evidence, since it seldom happens that the party is an eye witness to all the details that go to make up the quantum of charge in his books. In Ingraham *v.* Bockius, memoranda were made with a pencil, by a person acting in the capacity of a servant to the plaintiff, as to the quantity of meat delivered to the defendant, and from them the original entry was made by the plaintiff in his books; that was deemed the original entry, and not the memoranda, the latter being merely the instruments or helps from which knowledge is derived.

In the present instance, the plaintiff was a digger of the coal for Jones, to whom it belonged : the wagoner who hauled it delivered to the plaintiff, the next morning after it was hauled, a memorandum of the quantity, which the plaintiff set down in his books as returned. There is no difference between this case and Ingraham *v.* Bockius, except that in the latter, the person who made the return was the plaintiff's servant; here he was in the defendant's employ. So far as this goes, it makes a stronger case than the present. There is nothing in the objection that the wagoner should have been called. The book, if not evidence *per se,* could not be made so by this circumstance. All that can be said is, that its weight may be diminished before the jury by the non production of the wagoner. It is to be remarked, however, that the plaintiff proved he did some work, though the amount of it could not of course be proved by others. It is not likely the wagoner, after a lapse of time, could have thrown any light on the quantity transported daily. The same objection was made and overruled in Curren *v.* Crawford.

Judgment affirmed.