## FOSTER ET AL. V. BELL.

### March 28, 1840.

*Rule to show cause why a new trial should not be granted.*

A. sold and delivered a quantity of flour to B.　They entered into another contract for the delivery by A. to B. of wheat at a given price.　A. sued B. for the price of the flour and declared for goods sold and delivered. B. pleaded non assumpsit, payment, and set off.　On the trial, B. offered to prove the contract for the delivery of the wheat, its non-performance by A., and the damages sustained by B.: *Held*,

1. That the evidence was inadmissible.

2. That it was not competent under the plea of set off, not being for a debt or liquidated damages.

3. That it was not competent under the plea of payment by way of equitable defence, the subject matter of the facts offered to be proved, not arising out of the same transaction on which the plaintiff sued.

[Foster et al. v. Bell.]

THIS suit was brought by J. & T. Foster against Isaiah Bell.

The plaintiffs' claim was for a balance due for *flour*, sold and delivered by plaintiffs to defendant.

The *narr.* was for goods sold and delivered, with account stated.

The pleas were *non assumpsit*, payment, and set off, with leave to add, alter, and amend, and to give the special matter in evidence.

On the trial of the cause, defendant offered to prove the facts stated in his notice, which follows.

The court rejected the evidence, and the defendant moved for a new trial, and filed the following reason:

" The court erred in rejecting the evidence offered by defendant under the pleadings in the above case, and in deciding that he could not give in evidence any facts stated in his notice to plaintiffs, except the consent of the plaintiffs that he should retain the two hundred dollars sued for in this case, to reimburse himself for the loss on the wheat."

The defendant's notice to the plaintiffs of set off, and of special matter, was as follows, viz.:

" Under the pleadings in the above case, defendant will give in evidence a contract between himself and plaintiffs, in October, 1837, by which they agreed to deliver to him 1000 bushels of good merchantable wheat (before closing of the canal), that season, at one dollar and sixty-five cents per bushel of sixty pounds; and will prove that they neglected and refused to comply with their contract because wheat advanced in price; and that the market price of wheat was two dollars and ten cents per bushel. That by reason of plaintiffs not complying with their agreement, defendant sustained damages to the amount of four hundred and fifty dollars, to wit,

1000 bushels of wheat at $1 65, contract price, equal to     $1650

1000  do.     do.          at market price, $2 10,                 2100
                                                                 _____

                    Difference is defendant's claim          $450

which, with interest, he will defalcate and set off against plaintiffs' demand. He will also prove that the plaintiffs sent down wheat the same season after their contract with defendant, and sold it at the advanced price mentioned, some of which defendant was compelled to buy in order to fulfil his contracts made on the faith of plaintiffs' fulfilling theirs. He will also prove that the sum

[Foster et al. v. Bell.]

of money sued for according to your bill of particulars, was retained by him with the knowledge and consent of plaintiffs, to reimburse him in part for the loss he had sustained by plaintiffs not complying with their said contract, and that in addition to that sum, they offered him their note for one hundred dollars more, at twelve months."

*Perkins*, for the rule.
*Oakford*, contra.

The counsel cited 12 *S. & R.* 275; 3 *Watts* 301; 2 *Wh. R.* 37; *Troub. & Haly's Pr.* 61; 4 *S. & R.* 249; 5 *S. & R.* 51; 3 *Watts* 271; 2 *Rawle* 241.

Per Curiam.—The plaintiffs' action was for goods sold and delivered, viz. *flour*, to the defendant. The defendant set up as a defence that he had sustained damages, arising upon another contract between the same parties for the delivery of *wheat* by the plaintiffs to the defendant, in which the plaintiffs had failed, whereby the defendant had sustained damage. The evidence of this was inadmissible. It was not competent under the plea of set off, being of no debt or damages liquidated. It was not competent under the plea of payment with notice, &c., under which an equitable defence may be made out; for the equity of a defendant, to countervail plaintiff's claim, and rendering a cross action unnecessary, must arise out of *the same contract or transaction.* Here the transactions were different, and the evidence was properly excluded. All the cases cited at bar show this conclusively to be the law of Pennsylvania.

The permission to the defendant to prove the agreement of the plaintiffs, that the former should return two hundred dollars sued for in this case, to reimburse himself for the loss on the wheat, was right, because by the agreement of the parties, it operated as actual payment to that amount of the claim of the plaintiffs.

Rule discharged.