## Case No. 16,720.

### UNITED STATES v. WILLIAMS.

[4 McLean, 567.][1]

Circuit Court, D. Michigan. June Term, 1849.

CLAIMS AGAINST UNITED STATES — DAMAGE BY TROOPS—ALLOWANCE BY CONGRESS—LACHES AGAINST GOVERNMENT.

1. Congress having acted upon a claim for damages, done to the farm of the defendant, from its occupancy by the troops of the United States, no further allowance can be made.

2. Some proceedings were made, under a former law, for damages, and it seems the commissioners appointed to examine the premises estimated the damages much higher than was allowed by the late act, but no allowance was made under such procedure, and they can not now be considered.

3. No laches are imputable to the government.

4. No presumption of payment, from the lapse of time can be raised against it.

[This was a suit by the United States against John R. Williams for foreclosure of a mortgage.]

Mr. Norvell, U. S. Dist. Atty.
Mr. Backus, for defendant.

## Case No. 16,721.

### UNITED STATES v. WILLIAMS.

[5 McLean, 133.][1]

Circuit Court, D. Michigan. June Term, 1850.

USURY — SET-OFF — UNLIQUIDATED DAMAGES—ALLOWANCE OF DAMAGES BY CONGRESS—LIMITATIONS.

1. It is not usury, where the writings are not executed at the time of the contract, to charge interest from that date.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

2. An unliquidated demand cannot be offset against the government, or between individuals.

[Cited in Clyde v. Knight, 12 R. I. 195.]

3. The action of congress, in the allowance of damages, is conclusive on the judiciary.

4. It cannot revise the facts on which congress acted.

5. The statute of limitations does not run against the government, nor is it chargeable with delays, so as to raise a presumption of payment.

[Cited in U. S. v. Thompson, 98 U. S. 488; U. S. v. Little Miami, C. & X. R. Co., 1 Fed. 701; U. S. v. Southern Colorado Coal & Town Co., 18 Fed. 279.]

[Cited in Mayrhofer v. Board of Education, 89 Cal. 112, 26 Pac. 646. Cited in brief in U. S. v. San Pedro & Canon Del Agua Co. (N. M.) 17 Pac. 338.]

Mr. Norvell, U. S. Dist. Atty.

Mr. Backus, for defendant.

McLEAN, Circuit Justice. This is a bill in equity, to foreclose a mortgage. [See Case No. 16,720.] On the 27th of June, 1812, the defendant [John R. Williams] executed four several bonds, each for eight hundred dollars, one bond payable annually, with interest. These bonds were given in payment of a tract of land, 267 23-100 acres, in Spring Wells, secured by a mortgage on the premises. The defendant, in his answer, admits the purchase and the mortgage, but alleges that the premises purchased, were, in the fall of 1813, occupied and used by the troops of the United States, and that they destroyed the houses, barns, out-houses, fences and orchards on said premises, and that these constituted the chief value of the premises. To this answer, the complainants replied, that congress has investigated the alleged damages done by the troops, on the farm, and that, by an act in 1846 [9 Stat. 670], an allowance was made, which was deemed ample for the injury done to the farm, amounting to the sum of two thousand dollars, with interest from the time the injury was done. That this act was passed upon a full investigation of the facts, as proved by the defendant. From the time of the purchase, the defendant has been in possession of the premises, enjoying the rents and profits. At various times, different acts of congress were passed, to provide for the payment of damages done to private property by the troops of the United States; and a commissioner was appointed to take evidence, and report to the commissioner of claims, who was authorised to act on such claims. Under these laws, it appears that evidence was taken in the case now before us, with the view of making compensation to the defendant. But it does not appear that there was decisive action taken on the claim of the defendant. And it was not until after the commencement of this suit, when a continuance of the cause was procured, to enable the defendant to apply to congress for the adjustment of his claim, that the act of 1846 was passed.

The defendant attempts to set up, as an off-set, the incomplete procedure of the commissioner, by which the amount of damage done appears to be larger than the allowance afterwards made by congress. The action of congress is conclusive on the subject. No imperfect procedure, by the officers of the government, can modify or affect that allowance. Without such action, the claim was unliquidated, and could not be admitted as an offset in a suit by the government, or between individuals. If the act of 1846 has not done full justice to the defendant, his only remedy is by another application to congress for a higher compensation. The judicial power cannot revise the action of congress in this respect. The answer sets up that the bonds given were usurious. It seems, the sale was made before the writings were fully executed, and the interest on the bonds was made to run from the time of the contract. This is not usury, nor is there any unfairness in the act. It is also set up, as matter of defence, that from the lapse of thirty years which have transpired since this mortgage was executed, there having been no payment of interest within twenty years, the court will presume the mortgage to have been satisfied. If this rule applied to the government, the facts in the case show that the money has not been paid. This clearly appears from the acts of the defendant, in applying to congress, and in the preparation made to establish the offset to the mortgage. But laches are not chargeable to the government. The statute of limitations does not run against it; and on the same principle, the lapse of time affords no presumption of payment against the state.

Judgment may be entered on the mortgage bonds, with interest, deducting therefrom the credit, under the act of 1846 and the payments that have been made.