† HALL *versus* GLIDDEN.

In an action on an account annexed, the *entries* of the services performed upon plaintiff's book, with his suppletory oath, *transcribed* from a slate, on which he was accustomed to make his charges from day to day, from *two* to *four* weeks after they were first made, are competent evidence for the consideration of the jury.

In *set-off* a charge for rent of real estate, where there is no contract as to the price, cannot be sustained.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding. ASSUMPSIT, on account annexed.

The plaintiff was a cordwainer, and the account mostly consisted of items pertaining to his trade.

To support his account, his *book* containing the charges, with his suppletory oath, was admitted against the objection of defendant.

It appeared, that he did but a small business; that his charges were first made upon a slate until it was full, and in from two to four weeks from the time they were so entered when the work was done, he transferred them to his book.

An account in set-off was duly filed, and among the items was one for rent where plaintiff's shop stood in Newcastle from June, 1847, to Oct. 1851, at ten dollars per year.

To evidence in support of this charge plaintiff objected, as it was not allowable in set-off, but the Court admitted it.

As to this charge there was much evidence, but none of any price to be paid by plaintiff, and it was disputed whether defendant owned the land where the shop stood.

The jury returned a verdict for plaintiff for sixteen cents. Both parties excepted to the rulings.

*Ingalls & Stinson,* for defendant.

*Hubbard,* for plaintiff.

APPLETON, J. — The verdict in this case was rendered by the jury for the sum of sixteen cents, as the balance in favor of the plaintiff over and above the amount filed in set-off, but both parties being dissatisfied with the result have taken exceptions to the instructions of the presiding Judge, in accordance with which the jury must be presumed to have acted in the discharge of their duty.

The plaintiff was introduced with his book and testified that the charges therein were first made on a slate, when the work was done; that he was accustomed to continue making them till it was full; that he then transferred them to his book, in from two to four weeks from their date; that he did but little business and had no occasion to transfer his charges oftener. To the introduction of the plaintiff's book with his suppletory oath, under such circumstances, exceptions were taken by the defendant.

In *Faxon v. Hollis,* 13 Mass. 428, it appeared that the plaintiff, who was a blacksmith, kept a slate in his shop, on which he set down all his charges, as they accrued, and was in the habit of transcribing the entries from the slate into his books, which he kept in the leger form. " The entries in the book," Mr. C. J. PARKER remarks, "may be considered original although transcribed from a slate, the slate containing merely memoranda, and not being intended to be permanent." It is true, it has been held in Pennsylvania, that when the entry has been copied from the slate as late as one or two weeks from that, the books with the suppletory oath of the plaintiff should not be received. But the true principle on the subject has been very clearly and accurately stated by Mr. Justice SARGEANT, in *Jones v. Long,* 3 Watts, 325. " The entry need not be made exactly at the time of the occurrence; it suffices if it be within a reason-

able time, so that it may appear to have taken place while the memory of the fact was recent, or the source from which a knowledge of it was derived unimpaired. If done at or about the time, it is sufficient." In this case the source of knowledge was unimpaired, and there is no reason to believe the memory of the facts to have been forgotten when transcription was made. The entry on the slate was at the time the work was done, and from the nature of the case it could not be permanent. It had not been obliterated. It was transcribed by the party making it in the usual course of his business. The evidence we think was properly received, and the degree of credence to which under the circumstances disclosed it was entitled, was a matter peculiarly for the consideration of the jury.

The defendant filed in set-off a claim for rent. The plaintiff's counsel objected to the introduction of testimony to sustain the item for rent for land, as not being a proper item or cause of set-off, but the objection was overruled.

By the statute of 1821, c. 59, § 19, in certain cases the defendant was allowed to file his "account" in offset. But under the construction given to a similar statute in Massachusetts, it would seem that a charge for rent could not be filed in set-off. *Witter* v. *Witter*, 10 Mass. 223.

It is insisted that the law on this subject has been essentially changed by R. S., c. 115, § 27, by which it is enacted that "no demand shall be set off, unless it is founded upon a judgment or contract; but the contract may be either express or implied." Were this the only enactment bearing on the question there would be strong grounds for allowing rent to be filed in set-off, as the liability therefor may be established by express or implied contract.

But § 27 is most materially modified by the succeeding section, which is in these words: "No demand shall be set off, unless for the price of real or personal estate sold, or for money paid, money had and received, or for services done, or unless it be *for a sum liquidated*, or one that may be ascertained by calculation." The demands to be set off

must be upon judgments or contracts, and by § 28, the character of the demands, which may be set off, is clearly defined and determined. This does not enlarge, but on the contrary, restricts the preceding section, by enumerating the several matters to which alone section 27 can apply. An unliquidated claim for use and occupation is not included in the list. It cannot, upon any construction, be considered as embraced in the " price of real or personal estate sold, or for money paid, money had and received, or for services done." Neither can it be regarded as a demand " for a sum liquidated, or one that may be ascertained by calculation." Here was no sum liquidated, nor was there any contract from which, by any calculation, the amount due for rent could be ascertained. The very contract itself and all its terms, were involved in controversy and dispute. The true construction of the words " sum liquidated or one which may be ascertained by calculation," contained in R. S., is to limit them to such judgments or contracts only as that the amount of the defendant's demand can only be ascertained by the judgment or contract itself, or by mathematical calculations on the same. *Smith* v. *Eddy*, 1 R. I. 476. The language of our statute, it has been seen, is like that of the State of Rhode Island, and it should receive the same construction. The claim of rent was erroneously allowed in the set-off of the defendant as a subject to be proved before the jury.

> *Plaintiff's exceptions sustained,*
> *and a new trial granted.*