MOSES TOWNSEND v. W. & D. COLEMAN.

Entries in account books, in the handwriting of the party, cannot, without the suppletory oath of the party himself, be established by the proof which is held sufficient to establish entries made by a clerk. But see what is said of a case where the absence of such suppletory oath is reasonably accounted for; such items may be established, without the suppletory oath, by proper evidence, beyond the ordinary evidence above referred to, sufficient to convince the mind.

The receipt of the suppletory oath of the party in proof of items of an account, charged in his own handwriting, is not confined to cases where the party had no clerk.

Error from Colorado. Tried below before the Hon. James H. Bell.

Suit commenced Oct. 20th, 1856, by defendants in error against plaintiff in error on store account.

Defendant denied all and singular and pleaded the statute of limitations. A jury was waived, and the cause submitted to the Court on the following testimony :—

Plaintiffs introduced witness Bankhead, who testified that he was clerk, or bookkeeper, for plaintiffs, from 1853 to 1856, inclusive; that most of the time he was bookkeeper; that the books offered in evidence were the books of original entries of plaintiffs during the period which embraced defendant's account; and that the same were correctly kept, as much so as was customary for books to be kept; that he was never clerk or bookkeeper in any other establishment, but that of Coleman & Bro.;

52

but had conversed frequently with other bookkeepers, as to their mode ; that the items of the account, not barred by the statute of limitations, dated from Nov. 6th, 1854, to March 17th, 1855, inclusive, were in the handwriting of William Coleman, one of the plaintiffs ; witness does not know of the sale and delivery of said items; that it was customary, in the house, for the party who made the sale to make the entries in the books, although this was not always done ; witness presented the account sued on to defendant some time in 1855 ; defendant said he did not think he owed so much, that he thought he owed plaintiffs one hundred and fifty dollars.

Witness Royster testified that he was in the employment of plaintiffs about eight months, as salesman, commencing with the first of March, 1854 ; that the books produced in Court were the original books of entry of plaintiffs ; that they kept correct books; examined the books as to all the items preceding the 6th Nov., 1854 ; are all in his handwriting, except one item, which is in the handwriting of Daniel Coleman ; that he sold and delivered the said items to defendant ; knows nothing of the sale and delivery of the items charged under date Nov. 6th, 1854, and March 17th, 1855 ; but knows William Coleman's handwriting, and knows the charges are in his handwriting ; also knows that Townsend, the defendant, had dealings with the plaintiffs; but, as to the items charged Nov. 6th, 1854, and March 17th, 1855, he does not know.

Witness Moore testified that he was in the employment of plaintiffs, as a salesman, on the 6th of November, 1854, and subsequent thereto ; that the books produced in Court are the original books of entries of plaintiffs ; and that they kept correct books ; knows William Coleman's handwriting ; and the entries of date Nov. 6th, 1854, and March 17th, 1855, are in his handwriting.

Witness Bankhead then read the entries on the day book, of those items of plaintiffs' account commencing Nov. 6th, 1854, and ending March 17th, 1855, and the items were the same as charged in the account of these dates.

The items of the account, referred to as in the handwriting of William Coleman, amounted to $83 37 ; of this, one charge was " March 17th, 1855, 42 lbs. lard (of Jno. S. Henry) @ 15 c. $6 30." The last item charged before those referred to as being in Mr. Coleman's handwriting, was dated Aug. 20th, 1854.

Judgment for $77 07 ; disallowing said item of $6 30.

It appeared by bill of exceptions, that defendant objected to the evidence of the clerks, on the ground that the suppletory oath of William Coleman was not produced, and because it was apparent there was a regular clerk and bookkeeper in the establishment of plaintiffs at the date of the entries by Mr. Coleman.

*J. H. Robson*, for plaintiff in error. It will be seen by reference to the statement of facts, that this case is in no better condition than it was when brought before this Court for adjudication at a former Term.

The additional evidence adduced is only cumulative of the evidence which was then in the record, and the same objections are applicable to the testimony which were urged on a former trial of this suit, and which were deemed sufficient by the Supreme Court to reverse the cause. We deem it unnecessary to do more than simply refer the Court to its decision in this cause made at the Galveston Term, 1857, and to the leading case of Price v. The Earl of Torrington, with the notes upon the text, where will be found a reference to all the authorities on the subject. (1 Smith's leading cases, 349.)

*S. S. Munger*, for defendants in error. In proportion as trade and commerce have prospered, the rigor of the Common Law respecting the introduction of account books as evidence, has been relaxed. The old rule, that no man should make testimony for himself, though obviously founded on common sense and equity, was found to work many hardships when applied in strictness to mercantile transactions. Consequently, at an early period the Courts evinced a disposition to relax the rule in so far as (under wise restrictions) to admit the books of tradesmen to be given in evidence. (1 Phil. on Ev. 266.)

In this country the ancient rule has found but little favor; and it may be said—so universal is the practice—that the introduction of account books as evidence, under qualified restrictions, is part of the Common Law of the United States.

The statutes of the several States have marked out various qualifications, under which this species of evidence is admissible. And it is respectfully suggested that a very large majority of American decisions, involving the question, have been made rather under the authority of these statutes, than under the

Common Law rules. The restrictions of the Common Law under which account books become evidence, are now pretty well ascertained. (1 Greenl. on Ev. 154; Swift's Ev. 81; 1 Phillips' Ev. 266, Note 491; Parrott v. Underwood, 2 Tex. R.)

It will be seen by examining the case of Price v. Earl of Torrington, (1 Smith's Leading Cases,) that the necessity of the suppletory oath of the party arises from statutory enactments. In all cases where this oath is required, the party must appear to have had no clerk at the time of the accrual of the debt. This seems to be the view of Prof. Greenleaf; as his copious notes on this point are annexed to the portion of the text referring to the entries by the tradesman himself. (1 Greenl. on Ev. 156.)

HEMPHILL, CH. J. The restrictions under which books of accounts will be received in evidence, have been heretofore discussed; and I will not notice the ground previously surveyed. In this case, all the items excluded by the statute of limitations, amounting to more than two hundred and twenty-two dollars, were (with the exception of one) entered by one of the clerks; while those not excluded, and upon which the judgment was given, are in the handwriting of Mr. Coleman, one of the plaintiffs. Three clerks were examined, but neither knew anything of the sale or delivery of these articles, and we are of opinion that their evidence was not sufficient to warrant the judgment. The previous opinion in this cause, (18 Tex. R. 418,) had indicated the propriety, under certain contingencies, of the oath of the plaintiff who had made the entries. The books of merchants who have no clerks, or who have themselves made the entries, are, as generally said in the books to be, at best but weak and dangerous evidence. They are received with great caution, and from necessity, on the presumption that no other proof, in the ordinary course of transactions exists. In several of the States, their admission is regulated by statute; but in this, and others, they are admitted without the authority of statutes. In some of the States, as for instance New York, New Jersey, Illinois, &c., they are admitted without the oath of the plaintiff; but in most of them, this is required; and, it seems, with good reason. The objections to the oath of a party in his own behalf, by the rules of evidence as now established, are to his competency; but, in the nature of things, they exist rather to his credibility than his competency.

Townsend v. Coleman.

Such evidence is received every day, with more or less credit, on affidavit; and, in the Probate Courts, every claim for money must be supported by affidavit; and, even, an allowance and approval without such affidavit, is of no force or effect.   In the Magistrate's Court, the parties, under certain restrictions, may testify in support of their own claims; and in the District Courts, one party may, at the instance of the other, be compelled to give testimony in a cause; and his evidence, though in support of, and material to, his own defence, shall not only be received, but shall have such force and efficacy as not to be destroyed, except by written proof, the oaths of two witnesses, or of one, corroborated by strong circumstantial evidence.   This rule, whatever be the reasons given for it, must proceed on the assumption, that a party whose conscience is properly purged, can and will say the truth; and that so great are the probabilities of his truth, that his evidence is not to be questioned on slight grounds.

We must conclude, then, as well from the reason of things—from observation and experience—as from the analogies and spirit of the law itself, in cases where no other evidence does, or can, from the character of the transactions, be presumed to exist, that where the entries are made by the merchant or shopkeeper, his books are not admissible in proof of the account, unless supported by his own oath, or unless the fact of the sales and delivery can be proven by the testimony of a clerk.

It is proven, in this case, by the clerks, that the books were regularly kept; that the defendant had dealings with the house; but there is not a tittle of evidence that he had dealings at the particular times in question, or to raise the presumption that these articles were purchased by the defendant.   The clerks knew nothing of the transactions.   Their evidence, as far as it went, that is as to regularity of books, dealings of the defendant, &c., was proper; but, in addition, there should have been the oath of the plaintiff who had made the sales and could testify to the facts.   To admit books of merchants and others, who are still alive and in the State, on proof of their handwriting, would be a dangerous practice.   It would open a wide door for false evidence, without the check or punishment of perjury. (Greenleaf on Ev. § 117 *et seq.*; 1 Cowen & Hill's Notes, 217; Smith's Leading Cases, Price v. Earl of Torrington, Vol. 1st, p. 139; 1 Kelley, R. 231.)

It is to be regretted that this cause must again be remanded.

The plaintiffs have been severely punished for their neglect to bring the suit before the statute of limitations had begun to operate; and for the recovery of the remainder, they have encountered much expense and loss of time. But the hardships of particular cases cannot modify the principles of law. The evidence in this cause was not sufficient without the oath of the plaintiff; and it is ordered that judgment be reversed and cause remanded.

Reversed and remanded.