ALEXANDER WERBISKIE v. FRANK E. McMANUS, ADM'R.

The 26th section of the act of 1848, to regulate proceedings in the county courts about estates, reads as follows: " Whenever an executor or administrator has been qualified in the manner required in this act, it shall be the duty of the clerk to make out and deliver to such executor or administrator letters testamentary or of administration, as the case may be, which letters shall be signed by the chief justice and attested by the clerk, with his signature and the seal of the court; and either said letters or a certificate of the clerk, with the seal of the court affixed that such letters have been issued, shall be sufficient evidence of the appointment and qualification of an executor or administrator, whenever it shall be necessary to make proof thereof." (Paschal's Dig., Art. 1286.) If the authority of the executor or administrator be denied, he must produce the letters of administration, duly signed and sealed, or else the certificate of the clerk that such letters have issued.

The payment of the stamp duty required by the act of Congress is a prerequisite to the grant of administration, without which the letters are void. (Int. Rev. Pamph. of 1867, p. 129.)

The best evidence of accounts which it is in the power of the party to produce, by ordinary or extraordinary means, shall be exhausted before books of account are admissible.

Besides the oath of the party touching the correctness of his books, it shall be proved by others who are acquainted with the party, among his neighbors and customers, for fair dealing, that his reputation as an honest man and correct book-keeper is untarnished.  (Paschal's Dig., p. 601, Note 832.)

APPEAL from Cameron.   The case was tried before Hon. EDWARD DOUGHERTY, one of the district judges.

This cause is the result of two cases tried in the district court upon consolidation.

Suits were begun in the district court by one A. McMillen, the appellee's testator in his lifetime, against the appellant, upon certain promissory notes, and they have since been conducted to judgment in the name of the appellee, as the representative of said McMillen.

The defendant, Werbiskie, pleaded in abatement the incapacity of the plaintiff to prosecute these suits, and also offsets in reconvention, usury, &c.   The pleas in abatement, upon trial, were overruled; also the pleas in reconvention; and the causes were tried upon the notes and questions of set-off.

On the trial the defendant made a suppletory oath by affidavit, swearing to the correctness of his books of accounts, that he had no clerks or book-keepers, that the entries were made by himself, &c.   These book entries contained, besides, some articles of merchandise, various items of money charges as advanced to and paid the plaintiff's testator and to his order at various times.

The cause was tried by the judge without a jury, and he let in the items of merchandise charged, but ruled out the money items charged in the books of defendant, except such as were evidenced by other proof than the books themselves.

There was a judgment for the plaintiff upon these facts, and the defendant appeals to this court for revision.

*Stephen Powers*, for appellant.—I. The first question that presents itself is that raised in the bills of exceptions, over-

ruling the defendant's pleas in abatement to the plaintiff's capacity to prosecute these suits.

Now, by the general rules of law, when an executor or administrator is called to prove his representative character, it is done by exhibiting his letters, or, if lost, accounting for them. By article 1396 of Paschal's Digest it is provided, that the "rights, powers, and duties of executors and administrators shall be governed by the principles of the common law, where the same do not conflict with the provisions of this act."

And to show that the principles of the common law in this matter do prevail in this State, it is provided by article 1286, Paschal's Digest, that "either said letters, or a certificate of the clerk, with the seal of the court affixed, that such letters have been issued, shall be sufficient evidence of the appointment and qualification of an executor or administrator, whenever it shall be necessary to make proof thereof." (See last clause.)

II. But there is another and controlling reason for the invalidity of the plaintiff's representative character, and it is this: Mr. Starck, the county clerk, testifies that plaintiff has never paid the internal-revenue tax and stamp duty imposed by law in this behalf. Now, the stamp duty, by section 9 of the act of Congress of March 2, 1867, internal-revenue-law pamphlet, page 129, upon the probate of a will or letters of administration, where the sworn value of the estate shall not exceed $2,000, is $1, &c. And can there be any doubt that this is payable when the document is issued?

To show that this is the case we have only to refer to section 158 of the internal-revenue law, as amended in 1867, by which we shall see that the clerk himself is prohibited, under a penalty of $50 and the nullity of the instrument, from issuing it until the proper stamp, denoting the tax chargeable thereon, has been affixed and canceled.

III. The next question that presents itself is the ruling of the court, disallowing the money items charged in defendant's book accounts, as contradistinguished from the merchandise items.

[Mr. Powers argued this point upon the facts and the law.]

*Ballinger, Jack & Mott,* for appellee.—I. The evidence that McManus was administrator was sufficient. (2 Cowen & Hill's notes to Phill. on Ev., 347; Owings v. Beall, 1 Lit., 257; Hookeis v. Nullan, 2 Dev., 360; Browning v. Huff, 2 Bailey, 174; Farnsworth v. Briggs, 6 N. H., 561; 1 Greenl. on Ev., § 519.)

The statute authorizing certificate is only cumulative.

II. The stamp duty is only upon the "letters," which, though a convenient mode of proof, is not necessary, as has been seen, and when not issued no stamp is requisite. If the case called for it, it would be submitted with confidence that a law imposing a tax as a precedent condition to the appointment of an administrator by the courts of the states was not constitutional. Provisions of this character have been held unconstitutional by almost all the northwestern states, and repealed by Congress. (Warren v. Paul, 4 Am. Law Reg., 157; 22 Ind., 276; Jones v. Keep, from Wis., 5 Am. Law Reg., 161; Fifield v. Close, 15 Mich., 6 Am. Law Reg., 639.)

III. The claims set up by Werbiskie were not receivable in offset, and had not been sworn to or presented to the administrator; because open accounts against a note, (Holliman v. Rogers, 6 Tex., 98;) because not mutual and due in same right. (Allbright v. Aldrich, 2 Tex., 167; Henderson v. Gilliam, 12 Tex., 74.)

IV. The book offered by appellants was not such a book of original entries, nor was the suppletory oath of such a character, as to make the book admissible. Entries must have been "cotemporaneous." This involves the entire principle. (1 Greenl. on Ev., §§ 117, 118, 119, note 1.)

The evidence all shows that he kept a blotter or blotters, from which accounts were transcribed to this book produced as evidence. The authorities concur that this destroys the character of the book as evidence. (1 Smith's Lead. Cas., 294, *et seq.*)

V. It was not evidence of charges for money. This has been decided on full consideration by our Supreme Court. (Cole v. Diel, 8 Tex., 349.)

In accordance with this rule, very generally reiterated in other states and with the great weight of authority, see 1 Greenl. on Ev., § 117, note 1, *et seq.*; notes to Price v. Earl of Torrington, 1 Smith's Lead. Cas., 139.

The English rule is confined to proof of entries of sales of goods by clerks since deceased, and Lord Abinger, in a late case, said: "It is better to adhere to that case as it stands, and not to give any extension to it." (1 Smith's Lead. Cas., 282.)

In Massachusetts, Maine, and New Hampshire books have been admitted to prove money charges as high as forty shillings, but no further. (1 Smith's Lead. Cas., 294–298.)

Charges for money are expressly held not provable in this manner in Pennsylvania, (1 Smith's Lead. Cas., 299;) South Carolina, (1 Smith's Lead. Cas., 305;) Delaware, (1 Smith's Lead. Cas., 308;) New York, (1 Smith's Lead. Cas.;) Illinois, (1 Smith's Lead. Cas., 310;) and in all the other States where decisions have been made, unless it be in Vermont, where "the practice," says the American editor of Smith's Leading Cases, "rests on statute," and "the cases cannot be cited without great danger." (1 Smith's Lead. Cas., 315.)

Morrill, C. J.—The first question for our adjudication arises on the proceedings of the district court, as presented by the following bill of exceptions, viz: "On the trial of the plea in abatement, filed on the ——— day of ———, 1866,

for incapacity of the plaintiff herein to sue, the following facts are given in evidence before the judge, a jury being waived by the parties. The plaintiff, on his part, proved that by an order in the minutes of the county court of this county, on the —— day of ———, 1866, he was appointed administrator, with the will annexed, of the estate of A. McMillen, deceased, and had given bond and security under said appointment and taken the oath required by law."

The defendant, on his part, proved by Stark, clerk of the county court of this county, that the plaintiff had never taken out letters of administration on the estate of the deceased, for the reason that witness was not authorized, under the internal-revenue law of the United States, to impart them to the plaintiff, he, the plaintiff, never having paid the stamp duty upon the appraised and sworn value of the estate, which, by the inventory and appraisement thereof, duly returned to the court, amounts to the sum of —— dollars. Upon which premises the defendant moved the court to adjudge the issue upon the said plea in his favor, and for judgment accordingly; but the court, in lieu thereof, adjudged the issue in favor of the plaintiff, and gave judgment in this behalf accordingly, to which ruling of the court, &c., &c.

The statute (Paschal's Dig., Art. 1286) provides: "Whenever an executor or administrator has been qualified in the manner required in this act, it shall be the duty of the clerk to make out and deliver to such executor or administrator letters testamentary or of administration, as the case may be, which letters shall be signed by the chief justice and attested by the clerk with his signature and the seal of the court, and either said letters, or a certificate of the clerk, with the seal of the court affixed, that such letters have been issued, shall be sufficient evidence of the appointment and qualification of an executor or administrator whenever it shall be necessary to make proof thereof."

It will be perceived that the statute is direct and positive as to the requirements of a supposed administrator, when his authority as such is called into question. He must either produce his commission to act as administrator, signed and sealed by the proper authorities, or a certificate of the clerk, with the seal of the court affixed, that such letters have been issued. The order of the court making the appointment, and the execution of a bond, and the taking the oath, do not make a person executor or administrator of an estate. After all this was done, the court might very properly refuse to grant letters of administration, either because the court might not be satisfied with the mental or moral capacity of the applicant or with the offered bond. Until the actual issuance of the commission, as required by the statute, the applicant was not administrator.

But we go one step further. Even if the letters of administration had been issued and lost or misplaced, the proper and only legal evidence of this fact, as required by the statute before quoted, would be "a certificate of the clerk, with the seal of the court affixed, that such letters had been issued."

In Styles v. Gray, 10 Tex., 505, the court said: "The defendant offered the proof by reading from the record-book of the county clerk. The law makes no provision for the original books of record of another court being read as evidence, but provides for certified copies." How much more necessary is it to comply with the fixed requirements of the law, from the fact that the administrator may have been displaced, or other reasons that can be supposed in the case under consideration, than in the case of Styles v. Gray, is perfectly obvious.

But there is another reason equally valid as the above, which shows the erroneous decision of the district judge. By the acts of Congress (internal revenue act of March, 1867, p. 129,) it is provided that there shall be paid, as stamp duties on letters of administration, where the estate or effects

for and in respect of which such letters of administration applied for shall be sworn or declared not to exceed the value of $2,000, $1. It is further provided, that on all documents required to be stamped the stamp of the required amount shall be placed adhesively upon the same and canceled, under penalty of a certain amount, besides rendering null and void and invalid the document not so stamped. Hence, had the letters of administration been properly signed, sealed, and issued to the plaintiff in this case, they could not legally have been offered as testimony, unless they also showed that the revenue due to the United States had been paid, as evidenced by the proper canceled stamp. Another exception taken to the proceedings of the district court was, that the judge erred in ruling out the account of defendant, pleaded in set-off the money items therein.

This court has invariably decided that the best testimony that is within the power of the parties to procure, by ordinary or extraordinary means, shall be exhausted before the books of a party shall be given in evidence, and also that, besides the oath of the party touching the correctness of the same, it shall be proved by others, who are acquainted with the character of the party among his neighbors and customers for fair dealing, that his reputation as an honest man and correct book-keeper is untarnished. The defendant complied with these conditions, and we can see no good reasons why the account entire was refused. The jury should in all such cases have been instructed that it was left with them to decide how far and to what extent the account was correct. It is believed that in most instances a jury under such circumstances will do justice between parties, and that they will discriminate between the accounts of men accordingly as their characters for honesty or otherwise may be proved or personally known to them. The judgment is reversed, and the cause

REMANDED.