# WILLIAM P. CLYDE & Co. *vs.* B. B. & R. KNIGHT.

In *assumpsit* by A. against B., B. wished to plead in set-off a claim against A. arising from an alleged violation by A. of a contract made between him as a common carrier and B.:
*Held*, that as this claim required the evidence of witnesses to determine its amount, and as it did not arise from the transactions which were the basis of A.'s action, the plea of set-off was inadmissible.
*Held*, further, affirming *Smith* v. *Eddy* , 1 R. I. 476, and *Bell* v. *Ward*, 10 R. I. 503, that Gen. Stat. R. I. cap. 201, § 14, of set-off, covered only claims whose amount was ascertained or ascertainable by calculation, and which needed no proof except of the liability.

ASSUMPSIT. On motion for leave to file a plea of set-off.

*July* 20, 1878. MATTESON, J. The defendants move for leave to file a plea in set-off. The proposed set-off is a claim for damages for the alleged breach by the plaintiffs, as common carriers, of their contract with the defendants, whereby they agreed to carry a quantity of cloth from Providence to Philadelphia on the steamer Florida, but which they attempted to carry on the steamer Mary, and which was, in consequence, lost.

Gen. Stat. R. I. cap. 201, § 14, provides that "If any defendant shall have a demand on the plaintiff for any sum liquidated, or for one which may be ascertained by calculation, and which is founded on a judgment, or upon an account, or upon any contract, . . . . he may set off the same in any action founded upon any demand which could itself be set off." In *Smith* v. *Eddy*, 1 R. I. 476, 480, this court held that the true construction of the words "for any sum liquidated, or for one which may be ascertained by calculation," in a statute substantially like the present, was to apply and limit them to those contracts only in which the amount of the defendant's demand could be ascertained by the contract itself or by mathematical calculation on the same. The same view was taken of the same words in the statute of Maine by the Supreme Judicial Court of that State in *Hall* v. *Glidden*, 39 Me. 445, 448. In *Bell* v. *Ward*, 10 R. I. 503, 508, also, this court recognize the rule in the following language : " To be the subject of set-off at law, the statute requires that the demand proposed to be set off should be liquidated, the amount of the demand ascertained and settled, or ascertainable by calculation, and without the necessity of other proof than of the liability. A claim for damages, therefore, is excluded ; for, in addition to proof of the injury, evidence must be given of the amount of that injury."

And see also *Adams* v. *Manning*, 17 Mass. 178, 179 ; *Cardell* v. *Bridge*, 9 Allen, 355, 357 ; *Loring* v. *Otis*, 7 Gray, 563, 566 ; *Holbrook* v. *Receivers of the American Fire Insurance Company*, 6 Paige, 220, 223, 226 ; *Butts* v. *Collins*, 13 Wend. 139, 143 ; *Osborn* v. *Etheridge*, 13 Wend. 339, 340 ; *Duncan* v. *Lyon*, 3 Johns. Ch. 351, 359 ; *Foster* v. *Bell*, 2 Miles, 399, 401 ; *Farquhar* v. *Collins*, 3 A. K. Mar. 31, 34 ; *Williams* v. *Gilchrist*, 3 Bibb, 49, 50 ; *Hanna & Co.* v. *Pleasants & Bridges*, 2 Dana, 269 ; *Edwards* v. *Davis*, 6 N. J. Law, 394, 395 ; *State* v. *Welsted*, 11 N. J. Law, 397, 399 ; *McCord* v. *Williams & Love*, 2 Ala. 71, 72 ; *United States* v. *Williams*, 5 McLean, 133, 134 ; *Ware* v. *The United States*, 4 Wall. 617, 629 ; *Stimson* v. *Hall*, 1 H. & N. 831. It is clear upon these authorities, and many others to the same effect might be cited, that the defendants' claim for damages is not a proper subject of set-off. The damages are the value of the goods lost, but the contract for transportation does not fix their value or contain any data from which that value can be ascertained by calculation, nor has it been fixed by agreement of the parties outside of the contract. The only means by which the jury can determine it is the testimony of witnesses. The damages, therefore, are unliquidated, and as they do not arise out of the transactions upon which the plaintiffs' claim is founded, must be the subject of a distinct suit.

*Motion denied.*