### H. LEROY THAYER

### *v.*

### FERDINAND W. PECK.

1.  EVIDENCE—*under common counts.*   In a suit by the indorsee against the drawer, who was also payee and indorser of a draft payable with exchange, the draft is admissible under the common counts as a simple common law contract, the evidence showing a valuable consideration and that nothing remains to be done by the plaintiff.

2.  CONTRACT—*right to abandon special.*   If a plaintiff pays out money at the defendant's request, and the defendant indorses his own draft payable to himself as an attempt at payment to the plaintiff, having no funds to draw against, and afterwards forbids payment of the draft, the plaintiff will have the right to abandon the draft and recover for the money advanced, with interest.

3.  PRACTICE IN SUPREME COURT—*objections not urged below.*   If a defendant fails to assign for error in the Appellate Court that the judgment below was for more than the plaintiff claimed in his affidavit of claim, he will not be allowed to present that question in this court.

APPEAL from the Appellate Court of the Second District; the Hon. E. S. LELAND, presiding Justice, and Hon. JOSEPH SIBLEY and Hon. NATHANIEL J. PILLSBURY, Justices.

This was an action of assumpsit by the indorsee against the indorser, upon a draft, reading as follows:

"CHICAGO, *July* 27, 1875.

"At one day's sight pay to the order of myself five thou-

sand two hundred and fifty dollars, with exchange, and charge
to the account of　　　　　　　　　　　H. L. Thayer.

" To First National Bank of Joliet, Joliet, Illinois."

Indorsed: " H. L. Thayer."

It appears that on the day of the date of the draft Thayer,
desiring to make a payment to parties in Chicago who were
unwilling to take his own uncertified check, induced the
appellee, Peck, to exchange checks with him. Mr. Peck's
check was upon a Chicago bank, and was duly paid. Thayer's
check or draft was the one above given, and was not paid,
the drawer making no provision for its payment, and order-
ing the bank upon which it was drawn to return it dishon-
ored.

Mr. George S. House, for the appellant.

Messrs. Cooper, Packard & Gurley, for the appellee.

Mr. Justice Dickey delivered the opinion of the Court:

The judgment of the Appellate Court was undoubtedly
correct.

Waiving the discussion of the question whether the draft
in question is commercial paper, and the question whether
it was admissible under the special count, it certainly was
competent under the common counts as a simple common law
contract, and there was evidence tending to show a valuable
consideration, and that nothing remained to be performed by
plaintiff under the contract. Whether that proof was suf-
ficient, being a question of fact, is a question which can not
be raised in this court. In fact the proof tends to show
money paid out by plaintiff at defendant's request, and that
this draft was given as an attempt at payment; that defendant
had no funds to draw against, and forbade the payment of the
draft. Under such circumstances the plaintiff had lawful
right to abandon the draft, and recover for the money ad-
vanced and interest.

It is insisted that the finding is for more than was claimed in plaintiff's affidavit of claim. It is sufficient to say that this is a question which was not submitted to the Appellate Court. As that was not assigned for error in that court, appellant can not be allowed to present that question here, when it was not presented there.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*