## HENRY REDLICH

### v.

## LEONHARD BAUERLEE.

*Filed at Ottawa November 20, 1880—Rehearing denied March Term, 1881.*

1. ASSIGNMENT OF ERROR *in Supreme Court.* Where a judgment was rendered in the trial court upon the report of referees, in excess of the plaintiff's bill of particulars and affidavit of merits, and on appeal to an Appellate Court error was not assigned thereon, the party will be precluded from alleging that matter as ground of error in this court. The record should show affirmatively that the question was made in the Appellate Court in order to obtain a ruling upon it here.

2. EVIDENCE—*party's books of account—as to original entries.* Where charges are in the first instance made upon a slate, but within a reasonable time thereafter transferred by the proprietor and his clerk, and these care-

fully compared with the entries on the slate, so as to make it certain they were correctly copied into the books, the books, on proof of these facts, will be admissible in evidence in behalf of the proprietor—the minutes upon the slate being regarded as mere memoranda to aid the memory until the items should be transferred to the books.

3.  To admit charges on a party's books transferred from minutes originally made upon a slate, as evidence as to the items therein shown, it is sufficient if the entries were transferred within a reasonable time, so that it may appear to have taken place while the memory of the facts was recent, or the source from which a knowledge of the matters was derived was unimpaired, and it is shown the entries on the slate were made when the goods were delivered.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. LYMAN & JACKSON, for the appellant:

The judgment is for a greater sum than is claimed in the plaintiff's affidavit and bill of particulars, and this is not the result of any charge of interest. *Brooks* v. *Town of Jacksonville*, 1 Scam. 568.

The books admitted in evidence were not books of original entries, because:

1.  The entries were not made at or near the times of the sale and delivery of the goods.

2.  The entries themselves were only memoranda of goods manufactured and expected to be sold to Redlich, and not of goods sold and delivered.

3.  The entries were not transferred from the slate to the book until weeks after many of them were made.

The book itself must be the registry of business actually done, and not of orders executing contracts and things to be done subsequent to the entry. *Fairchild* v. *Denison*, 4 Watts, 258; *Wilson* v. *Wilson*, 1 Halst. 95; *Bradley* v. *Goodyear*, 1 Day, 154; *Terrill* v. *Beecher*, 9 Conn. 344; 1 Greenleaf on Evidence, p. 142, note, 12th ed.

The entries must be made at or near the time of the transaction to which they relate, citing *Landis* v. *Turner*, 14 Cal.

576; *McCoy* v. *Lightner*, 2 Watts, 351; *Kessler* v. *Monoclay*, 1 Rawle, 440; *Vance* v. *Feariss*, 1 Yeates, 321; *Forsythe* v. *Norcross*, 5 Watts, 432; *Vicary* v. *Moore*, 2 id. 458; *Ruggles* v. *Gatton*, 50 Ill. 417; *Presbyterian Church* v. *Emerson*, 60 id. 271; *Kibbe* v. *Bancroft*, 77 id. 18.

Mr. C. C. KOHLSAAT, for the appellee:

The first point not having been made to the record in the Appellate Court, can not be made in this court for the first time. *Thayer* v. *Peck*, 93 Ill. 357.

But the books are books of original entry, and competent. Keppleberg did all the writing on the slate.   When he was absent, as he sometimes was, perhaps six days in the year, appellee would keep a memorandum, and then, giving it to Keppleberg on his return, see him enter it on the slate, which was a double one.   Appellee once a month copied the same into his books, and after carefully comparing the slate and the book next day with Keppleberg, the slate entries were rubbed out.   It has been long held that books made up in this way, the slate entries being memoranda, are books of original entry. *Faxom* v. *Hollis*, 13 Mass. 427; *Whitney* v. *Sawyer*, 11 Gray, 243-4.   Even after the lapse of *four weeks*. *Hall* v. *Glidden*, 39 Me. 446.   After the lapse of three days. *Jefferis* v. *Urmy*, 3 Houston, 653.   After the lapse of nine days. *Morris* v. *Briggs*, 3 Cushing, (Mass.) 343; *Filkins* v. *Baker*, N. Y. Supreme Court, vol. 6 (Lansing), 519.

But even if the books were incompetent, having been by the appellee submitted to appellant, they became competent. *Darlington* v. *Taylor*, 3 Gr. (Penn.) 195.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Of the four errors assigned upon this record, there is but one that we can inquire into.   The third and fourth present questions of fact only, and the finding of the Appellate Court is conclusive as to them.

The second is, " that the referee finds a balance due from the defendant to the plaintiff, and the court rendered judgment for $2,733.20, while the plaintiff's bill of particulars only showed and claimed a balance of $2,673.98, and the plaintiff's affidavit of merits, sworn to by himself, also claims only the same amount to be due." This was not assigned for error in the Appellate Court, and it does not appear that court ever had an opportunity to pass upon it. We are now reviewing the rulings of that court, and not the rulings of the circuit court. The record should affirmatively show that this question was raised in the Appellate Court in order to obtain a ruling upon it here. *Thayer* v. *Peck*, 93 Ill. 357.

The remaining error, the first, in the order of the assignment, is "that the referee admitted the plaintiff's books of account, which were not books of original entries, in evidence, and his finding against the defendant was based chiefly upon said books of account."

Appellee produced his books of account and testified that they were such, and that the entries therein were made by himself, and that they were true and just. It is proved by his evidence and that of his foreman, Charles Keppleberg, that the books were kept in this way:

As the goods, which were pressed blocks, plugs, bungs, faucets, etc., were manufactured by appellee for appellant, Keppleberg counted them into barrels belonging to appellant, and wrote down the count on a double slate kept for that purpose. No one but Keppleberg kept the slate. Once a month, Keppleberg would deliver the slate to appellee, who would take it home in the evening, and copy the entries on the slate into his book and return it next morning. Appellee and Keppleberg would then compare the slate and the book, and, finding the book correct, they would rub out the entries on the slate. This comparing, the witnesses say, was very carefully done. When Keppleberg was absent, which happened only a few days in the year—at the outside, six days,—appellee would make a memorandum of the account

and give it to Keppleberg to enter on the slate when he returned, and he saw Keppleberg write down what he gave him. Appellee put down the prices when he entered the items in his books.

The evidence of Keppleberg is, that appellant received all the goods with which he is charged.

We think, on this preliminary evidence, the books were properly admitted. The fact that the charges, in the first instance, were made on a slate and were subsequently transferred to the books admitted in evidence, does not destroy the character of the books as those of original entries. The minutes on the slate were mere memoranda, to assist the memory until the items were transferred to the books, and were not intended to be permanent. *Faxom* v. *Hollis*, 13 Mass. 427; *Pillsbury* v. *Locke*, 33 N. H. 96; *Hall* v. *Glidden*, 39 Me. 445; *Stroud* v. *Tilton*, 3 Keys, 139; *Sickles* v. *Mathers*, 20 Wendell, 72; *Davison* v. *Powell*, 16 Howard (N. Y.) 467; *Landis* v. *Turner*, 14 Cal. 575; *Hartley* v. *Brooks*, 6 Wharton, 189; *Whitney* v. *Sawyer*, 11 Gray, 243.

Although the entries were drawn off by appellee, the subsequent comparison of the entries upon the slate with those in the books, made it certain that they were correctly copied into the books. The authorities do not establish any precise length of time within which such entries shall be transcribed; " it suffices if it be within a reasonable time, so that it may appear to have taken place while the memory of the fact was recent, or the source from which a knowledge of it was derived is unimpaired." *Jones* v. *Long*, 3 Watts, 325; *Hall* v. *Glidden, supra*. Here, as in *Hall* v. *Glidden*, the source of knowledge was unimpaired, and there is no reason to believe the memory of the facts to have been forgotten when transcription was made. The entry on the slate was at the time the goods were delivered, " and from the nature of the case it could not be permanent. It had not been obliterated "—and if the evidence of the witnesses who testified in regard to this matter, may be relied upon, there

can be no doubt that the entries in these books against appellant are correct charges.

We think the preliminary proof brought the books within the spirit of the 3d section of the "act in regard to evidence and depositions in civil cases," in force July 1, 1872, Revised Statutes of 1874, p. 489; and there was, therefore, no error in admitting them in evidence. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*