S. R. OUTLER ET AL. v. ELAM ET AL.

(No. 953, Op. Book No. 2, p. 216.)

APPEAL from Falls County.    Opinion by QUINAN, J.

§ **1003.** *Administrator; proof of fiduciary capacity; letters not the only evidence of.* Letters of administration are a legal and convenient mode of proving the authority of an administrator, but are not the only mode of proving such authority. This proof may be made by the records of the court that made the appointment, or by certified copies thereof, and such evidence is not secondary. [Abbott's Trial Ev. 56; 1 Greenl. Ev. 519; Farnsworth v. Briggs, 6 N. H. 562.] The case of Werbiskie v. McManus, 31 Tex. 116, was decided under the probate law of 1848, and the fact seems to have been overlooked that though letters may be sufficient evidence of administration granted, they are not made the only or exclusive

evidence. That case, however, seems to have been decided chiefly on the ground of an assumed necessity of protecting the federal revenue by enforcing the prepayment of the stamp tax, without which letters could not be read in evidence. In the case at bar appellant S. R. Outler offered to prove by the records of the probate court of Falls county that her deceased husband had left a will, in and of which she was appointed executrix, which will had been duly probated, and that she had been appointed by said probate court, and had duly qualified as executrix of said will. Upon objection, this evidence was rejected, upon the ground that she must prove her fiduciary character by the production of letters of executorship. For this error of the trial court the judgment was reversed.

February 23, 1881.          Reversed and remanded.