Opinion by
White, P. J.
§ 611. Evidence held irrelevant; case stated. Appellee sued appellant for a balance of $360.50 rent of a storehouse. Appellant answered, among other things, setting up a counterclaim, a sworn itemized account for goods, etc., sold and cash paid to appellee, leaving a balance in favor of appellee of $12.91, payment of which appellant tendered in court. In a supplemental petition, and by way of replication, appellee pointed out the items in appellant’s counterclaim which she alleged were incorrect, and which she swore were never paid nor delivered to her, nor to any person for her. Appellee recovered judgment for $211.23 and costs. The contest on the trial was as to those items of appellant’s counterclaim which appellee denied and disputed, amounting in the aggregate to $301. On the trial, with regard to one of these items, appellant testified that he paid to appellee in person $125 in money. In rebuttal, appellee testified that she had not received said money from appellant, and that appellant had never personally paid her any sum of money; that all money she had received had been paid her by appellant’s clerk. Thereupon appellant offered to prove by appellee that she had held out one Hall as her agent, to receive goods and money in payment of said rent, and asked appellee the question: “Did you not at different times send Hall to get money and goods from appel *538 lant? ” Appellee objected, because the question was as to new matter not elicited either in direct or rebutting testimony. The objection was sustained. Held: Being a departure from the original evidence adduced by both parties, and also contradictory of appellee’s testimony, the court did not err in sustaining the objection. There was no offer on the part of appellant to show the payment of the $125 to Hall, and unless this was the object and purpose of the evidence, it was manifestly irrelevant. If such was the object of it, the bill of exceptions should have so stated. As the matter is made to appear to us by the bill of exceptions, we could not say that the court erred in excluding it, even had it been offered at the proper time.
§ 615. Account books and memoranda of party as evidence; suppletory oath not required, when; rules as to. Appellant proved by his clerk that most of the items contained in the counterclaim were sold and delivered by him, as clerk, to the appellee, and in order to identify the disputed items, this witness refreshed his memory by reference to memoranda books, in which he had entered each day’s sales as they occurred, but not the dates of said sales, and could not remember and state the dates of said items. Thereupon appellant testified that said clerk, at the end of each day’s sales, delivered said memoranda books to him, and he entered from them to his blotter all items sold of that date, as shown by said memoranda books, and he then proposed to introduce his blotter in evidence to prove the dates of said items. Appellee objected to this evidence, because appellant had testified that he had not himself sold these disputed items, and because the entries made in his blotter were not original entries, etc.; which objections were sustained and the evidence rejected. Held: The rule appeal’s to be well settled, that “the books and memoranda of a party made by his clerks or agents are admissible in evidence if the entries were made in the regular course of business, and verified by the oaths of the persons who *539 made them as correct, though such persons have no exact recollection of the facts at the time of the trial.” [Abbott’s Tr. Ev. 322; W. & W. Con. Rep. § 1176; Underwood v. Parrott, 2 Tex. 168.] As a prerequisite to the admission of a party’s books of account as evidence in his behalf, a supplementary oath of the party to the correctness, etc., of the books, was formerly required. [Townsend v. Coleman, 20 Tex. 817; Werbiskie v. McManus, 31 Tex. 116.] Since those decisions were rendered, our statute, allowing a party to testify in his own behalf, has become the law, and whether, in addition to his direct testimony to the fact, a suppletory oath would still be required under that statute, has never, as we are aware of, been decided in this state. Mr. Abbott, in his work on Trial Evidence, says: “The .statutes allowing parties to testify have neutralized the practice by making the party the witness, and allowing him commonly to use his book as a memorandum to refresh his memory; but the rule admitting his account as primary evidence, with certain preliminary proof, is still in force; and it is convenient to rely upon it in some cases where the right to read the account as having refreshed the witness’ memory is doubtful. It is not essential, under this rule, to produce the party himself as a witness, even since the disqualification of parties has been removed.” [pp. 322, 323.] We can see no practical reason for requiring a suppletory oath, where the party is himself a witness and can testify to such facts as should have been stated in such oath. [1 Whart. Ev. (2d ed.) § 679.]
§ 616. Same; entries transcribed; admissibility of. The objection to the evidence here offered was, that appellant’s blotter was a book into which the clerk’s memorandá were transcribed, and it was therefore inadmissible for any purpose. This objection is apparently sustained in Flatto v. Brod & Hemmi, 37 Tex. 734, wherein it was held that “ a book containing transcribed items of an account taken from the book containing the original entries, cannot be used as evidence of the account.” No *540 authority in support of this doctrine is cited in the opinion, and under the weight of authority the rule is stated too broadly. Many authorities on the subject are cited in the notes to §§ 117, 118, 1 Greenl. Ev. (13th ed.). It is said, “ the law fixes no precise rule as to the moment when the entry (of the sale of the goods) ought to be made. It is enough if it be made at or near the time of the transaction. [Curran v. Crawford, 4 S. & R. 35.] Therefore, when the goods were delivered by a servant during the day, and the entries were made by the master at night, or on the following morning, from the memoranda made by the servant, it was held sufficient (that is, the books were admissible in evidence). [Ingraham v. Bockins, 9 S. & R. 285.] Where daily memoranda were kept by workmen, but the entries were made by the employer, sometimes on the day, and sometimes every two or three days, and one or two longer intervals, they were admitted.” [Morris v. Briggs, 3 Cush. 342; Hale v. Glidden, 39 Me. 445; Barker v. Haskell, 9 Cush. 218; Patton v. Ryan, 4 Rawle, 408; Jones v. Long, 3 Watts, 325.] “Such entries are not written contracts, but the private memoranda of the party, becoming, with the aid of his suppletory oath, under an exception to the general rules, competent evidence of sale and delivery.” “Entries thus made are not, however, received in all cases as satisfactory proof of the charges, but only as proof of things which, from their nature, are not generally susceptible of better evidence.” [Watts v. Howard, 7 Met. 478; 8 Johns. 211.] Mr. Abbott says, “the books of daily entries, made by the party himself, are not rendered incompetent by the fact that his servant, porter or messenger noted, in temporary form, the deliveries made by him, and reported them to the party, who, upon such information, or copying from the temporary memorandum, made the entries in question.” [Abbott’s Tr. Ev. 324.] Mr. Wharton says: “Memoranda made in rough on a slate, or on a mere temporary note book, of which the object is mérely to assist the memory until the entries *541 are made in a day book, are not books of original entry, and need not be produced; nor do they make the day book secondary evidence; though, where such memoranda are made as permanent records of the sale, they constitute a book of original entries, and must be produced. The day book or blotter, on the other hand, into which loose memoranda are on the same day entered, is virtually the book of original entries, and must be produced.” [1 Whart. Ev. (2d. ed.) § 682.] Under the authorities, and the facts shown by the bill of exceptions, we are of opinion that appellant’s account book was admissible evidence of the sale and delivery of the goods, that is, the items he proposed to prove. Especially so, under the circumstances in evidence, to the effect that the memoranda of the clerk had already been proved by the clerk, and the further fact that such memoranda were, on the day the clerk made the same, entered by appellant in his blotter. This made the blotter evidence both of the sale and the entry. The court erred in excluding this evidence.
January 21, 1885.
Reversed and remanded.